# IN THE COURT OF APPEALS OF IOWA

No. 14-1387
Filed November 25, 2015

**IN THE INTEREST OF THE DETENTION OF**
**DANIEL HOLTZ,**
Respondent-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J.

Dryer, Judge.

Daniel Holtz, a sexually violent predator, appeals the district court's order

cancelling his final hearing. **AFFIRMED.**

Kurt Swaim, State Public Defender, and Thomas J. Gaul, Assistant Public

Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Fiala and John McCormally,

Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Daniel Holtz, civilly committed as a sexually violent predator, appeals the district court's order cancelling his final hearing. He asserts the district court acted illegally when it cancelled the hearing that had already been granted, without allowing him an opportunity to be heard. We conclude Holtz failed to preserve error on this argument, because he did not resist the State's motion to cancel the hearing. Consequently, we affirm the order of the district court.

Holtz was adjudicated a sexually violent predator and committed civilly in December 2000. At a review hearing held on May 8, 2014, Holtz proved "by a preponderance of the evidence that there is relevant and reliable evidence to rebut the presumption of continued commitment," so as to warrant a final hearing, pursuant to Iowa Code section 229A.8 (2013). The district court then scheduled a final hearing for June 24, 2014.

However, on June 18, the State filed a motion to revoke Holtz's transitional release status. The court set the motion to revoke for hearing and continued the June 24 final hearing. After a July 3 hearing, the court granted the State's motion to revoke and ordered Holtz to be returned to the secure portion of the civil commitment unit for sexual offenders. On July 7, the State filed a motion to cancel the still-pending final hearing. Holtz did not file a resistance, and on July 21, the district court granted the State's motion. Holtz appeals.

Holtz's sole argument is that the district court acted illegally when it cancelled his final hearing, as it interfered with a substantial right when it failed to allow Holtz to testify and offer evidence. However, fourteen days passed, and Holtz failed to file a resistance to the State's motion to cancel the hearing. *See*

Iowa R. Civ. P. 1.431(4) (providing resistance to pending motions must be filed within ten days of service). Thus, we have no order from the district court addressing the issue Holtz now presents on appeal. This results in a lack of error preservation, as no argument was presented to the district court, and no ruling was entered analyzing whether Holtz's substantial rights were violated. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (holding that, for error to be preserved, the issue must be presented to the district court, which must then rule on the issue).

Consequently, we decline to address the merits of Holtz's argument, and we affirm the order of the district court.

**AFFIRMED.**